UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRIMATIVO AVILA,

          Petitioner,

vs.                             Case No. 2:05-cv-266-FtM-29DNF
                                  Case No. 2:01-cr-105-FTM-29DNF

UNITED STATES OF AMERICA,

          Respondent.
_____/

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1)[1], filed on June 3, 2005. Petitioner filed a Brief in Support (Cv. Doc. #2), the government filed a Response in Opposition (Cv. Doc. #7) on August 3, 2005, and petitioner filed a Response to Government's Opposition (Doc. #8) on August 22, 2005.

**I.**

On November 20, 2001, the grand jury returned a one-count Indictment (Cr. Doc. #12) charging that petitioner and his co-defendants knowingly and willfully conspired to possess with intent to distribute 50 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and §

---

[1]Unless otherwise specified, docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Cv. Doc.).

841(b)(1)(A)(iii). On February 1, 2002, petitioner entered a plea of guilty pursuant to a Plea Agreement (See Cr. Docs. #28, #31, #35). On June 10, 2002, petitioner was sentenced to a 262 month term of imprisonment, 60 months supervised release, and a $100.00 special assessment. Judgment (Cr. Doc. #43) was entered on June 12, 2002. Petitioner did not file a direct appeal.

On May 28, 2003, the government filed a Motion for Reduction in Sentence (Cr. Doc. #163) pursuant to Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e), recommending a four-level downward departure. On July 2, 2003, the Court granted the motion in part, and granted a two-level departure. On July 2, 2003, an Amended Judgment (Cr. Doc. #166) was entered reducing petitioner's term of imprisonment to 210 months, which was at the low end of the Sentencing Guidelines range, with all other conditions remaining as previously imposed. Petitioner did not file a direct appeal from the Amended Judgment.

On June 3, 2005, almost two years after the entry of the Amended Judgment and almost three years after the original Judgment, petitioner filed his § 2255 habeas petition. Petitioner raises four claims related to Apprendi[2], Blakely[3] and Booker[4]: (1) ineffective assistance of counsel for failure to object at

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] Blakely v. Washington, 124 S. Ct. 2531 (2004).

[4] United States v. Booker, 125 S. Ct. 738 (2005).

sentencing regarding the factual finding of 1.5 kilograms of crack cocaine as relevant conduct, which increased his base offense level by six levels; (2) ineffective assistance of counsel for failure to object at sentencing to the finding that petitioner was a supervisor, which increased his base offense level by three levels; (3) trial court error in enhancing six levels because of relevant conduct; and (4) the trial court error in its role enhancement.

**II.**

The United States argues that the § 2255 motion is untimely and should be dismissed. (Cv. Doc. #7, pp. 5-6). Petitioner responds that the intervening decision in United States v. Booker, 125 S. Ct. 738 (2005) applies retroactively to his case, and therefore his motion was timely under 28 U.S.C. § 2255 ¶6(3). The government's position is correct.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final. Petitioner's conviction became final ten days after the filing of the original Judgment on June 10, 2002. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Even assuming petitioner's conviction became final on July 14, 2003[5], which was ten days after entry of the amended criminal judgment after the government's Rule 35 motion, the § 2255 motion is still untimely. Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on May 26, 2005, the date petitioner signed the motion while incarcerated. Even so construed, the §2255 motion was filed approximately ten months after the expiration of the statute of limitations as it relates to the amended Judgment.

Petitioner asserts that he falls within the statutory tolling provision of § 2255 ¶6(3) because of Booker. Under this provision, the Supreme Court must recognize the existence of a new right and that right must be made retroactive to cases on collateral review. The Eleventh Circuit has held "that Booker's constitutional rule

---

[5]Ten days after entry of the Amended Judgment is July 12, 2003, which was a Saturday. Therefore, the deadline was Monday, July 14, 2003.

falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Since petitioner's case became final prior to Booker, the motion is not timely under this provision.[6]

Petitioner's reliance upon Dodd v. United States, 125 S. Ct. 2478 (2005) is misplaced. Dodd held that to take advantage of this provision the newly recognized right must have been made retroactive. Id. at 2482-83. It is clear that Booker-type rights have not been found to be retroactive.

**III.**

The government asserts that petitioner waived his right to pursue the § 2255 relief asserted. (Cv. Doc. #7, pp. 6-10). The Court agrees.

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994)), cert. denied, 126 S. Ct. 246 (2005). To be enforceable, the government must demonstrate either that the district court

---

[6]Petitioner does not assert that the second or fourth event apply.

specifically questioned the defendant concerning the sentence waiver provision during the guilty plea colloquy or that it is clear from the record that defendant otherwise understood the full significance of the waiver. <u>Bushert</u>, 997 F.2d at 1351.

Here, petitioner's Plea Agreement contained the following provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #28, p. 9). The magistrate judge confirmed in the plea colloquy that the Plea Agreement had been read to petitioner in Spanish. Additionally, the magistrate judge called the waiver provision to petitioner's attention during the plea colloquy, and determined that the Plea Agreement and waiver was entered into knowingly and voluntarily. (Cr. Doc. #34, pp. 9-10, 14-15, 31). The Court finds that the waiver was clearly knowing and voluntary

under Bushert, 997 F.2d at 1350, and its progeny. Therefore, the appeal waiver is proper and effective. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005).

Additionally, the waiver provision is broad enough to include the Apprendi/Booker/Blakely issues. United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), cert. denied, 126 S. Ct. 416 (2005). Therefore, Booker, Blakely, and Apprendi issues were waived by petitioner in this case. Further, the Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342. Therefore, petitioner waived his right to raise the sentencing issues, and the § 2255 motion will be dismissed on the basis of the valid waiver.

**IV.**

The Court also has an obligation to determine if it otherwise has authority to consider defendant's request. The authority of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). Because defendant is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United

-7-

States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315. The Court finds no other basis for authority to change or vacate the sentence.

A defendant may obtain relief from an improper sentence by filing a timely appeal. See 18 U.S.C. § 3742. Defendant did not file a direct appeal in this case, and no avenue of direct appeal is now available.

Under limited circumstances, a federal prisoner may file a habeas petition pursuant to 28 U.S.C. § 2241 pursuant to the "savings clause" of § 2255. The savings clause applies only when (1) petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that petitioner was convicted of a nonexistent offense; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In this case, petitioner fails to satisfy at least the first and second requirements.

Title 18 U.S.C. § 3582(b) refers to the possibility of modifying a sentence. However, this provision only defines a final sentence, and does not provide a mechanism for modifying a sentence. United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003), cert. denied, 541 U.S. 966 (2004).

Title 18 U.S.C. § 3582(c) allows the Court to modify a sentence under certain circumstances, but none of those circumstances apply in this case. Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, as discussed further below, and the sentence was modified once upon the government's Rule 35(b) motion. Section 3582(c)(2) does not apply because the sentencing range has not been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

Federal Rule of Criminal Procedure 35(a) does not provide authority because it gives a district court authority to correct a sentence only within seven days after sentencing and then only for errors resulting from arithmetical, technical, or other clear error. The seven day period is a jurisdictional restriction. Diaz-Clark, 292 F.3d at 1317. As noted above, a Rule 35(b) motion concerning substantial assistance was filed by the government, and an Amended Judgment reducing petitioner's sentence was entered.

Federal Rule of Criminal Procedure 36 allows the court to correct clerical errors or errors in the record arising from

-9-

oversight or omission. None of these situations apply in this case, and therefore the Court has no authority under Rule 36. United States v. Portillo, 363 F.3d 1161 (11th Cir.), cert. denied, 125 S. Ct. 448 (2004).

Federal Rule of Civil Procedure 60(b) does not provide relief from a judgment entered in a criminal case, and therefore cannot provide authority to change a criminal sentence. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998).

A *writ of error coram nobis* is not available to defendant. Federal courts have authority to issue a *writ of coram nobis* under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001). This authority, however, is extremely limited. It is well established that a *writ of coram nobis* "is an extraordinary measure of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d at 1366 n. 1; United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The standard for *coram nobis* relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Mills, 221

F.3d at 1203-04; Lowery, 956 F.2d at 228-29.  To be entitled to a *writ of coram nobis*, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d at 475; (2) there is and was no other available and adequate avenue of relief, Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.), cert. denied, 531 U.S. 929 (2000); United States v. Mills, 221 F.3d at 1204; and, (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani v. United States, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990)).  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). Defendant satisfies none of the requirements in this case.

A writ of prohibition is also unavailable to defendant. "Writs of prohibition are not issued unless the petitioner shows exceptional circumstances amounting to a judicial usurpation of power."   In re Wainwright, 678 F.2d 951, 953 (11th Cir. 1982)(citations and internal quotations omitted). Defendant's only argument for the reduction in sentence is based upon Booker.  The Court finds that Booker does not qualify as an exceptional

circumstance of judicial usurpation of power warranting relief. Therefore, authority cannot be created by treating defendant's request as a writ of prohibition.

A *writ of mandamus* is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal. Id. A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. Mallard v. United States S.D. Iowa, 490 U.S. 296, 309 (1989); In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993).  In this case petitioner cannot show either requirement.  See also In re Spotts, 124 Fed. Appx. 800, 2005 WL 715396 (4th Cir. Mar. 30, 2005)[7](mandamus not available to compel application of Booker).

A *writ of audita querela* is not available to raise a Booker claim because relief would have been cognizable under a properly filed § 2255 petition. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Jackson, 2005 WL 3304008 (11th Cir. Dec. 7, 2005)[8].

---

[7]Unpublished decision attached.

[8]Unpublished decision attached.

In conclusion, the Court finds no other basis for authority over the request to vacate, correct, or set aside petitioner's sentence.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED** as time-barred and barred by a valid waiver provision.

2. The Clerk shall enter judgment accordingly and file a certified copy in the criminal file.

3. The Clerk shall close the civil case file associated with the § 2255 petition and terminate any pending deadlines as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of December, 2005.

                                   _____
                                   JOHN E. STEELE
                                   United States District Judge

Copies:
AUSA
Petitioner